JOURNAL ENTRY and OPINION
{¶ 1} Appellant Timothy Page appeals the trial court's determination that he is a sexual predator. Page assigns the following error for our review:
 {¶ 2} "I. The trial court erred in determining that the defendant is a sexual predator as the state failed to produce sufficient evidence as to defendant's likelihood of committing one or more sexually oriented offenses in the future."
 {¶ 3} Having reviewed the record and pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
 {¶ 4} On January 22, 1987, the Cuyahoga County Grand Jury indicted Page for five counts each of rape and gross sexual imposition for crimes committed against his ten-year-old nephew.
 {¶ 5} On March 27, 1987, a jury returned a verdict of guilty on four counts each of rape and gross sexual imposition. The court sentenced Page to serve five to twenty-five years on the rape charges and two years on the gross sexual imposition charges. The sentences were to be served consecutively. Page was paroled in December 2002, and placed in a halfway house after serving fifteen years of the sentence.
 {¶ 6} On June 19, 2003, the trial court held a hearing to determine Page's classification pursuant to R.C. 2950.09(C). At the outset of the hearing, the court stated it had received, and both the state and Page's attorney had reviewed, the sexual predator evaluation performed by the court psychiatric clinic.
 {¶ 7} The state presented evidence from Page's trial transcript, which contained his ten-year-old nephew's graphical details of the rapes. The nephew testified that on four or five occasions Page performed oral sex on him, and on one occasion Page ejaculated in his mouth. According to the state, when Page's nephew told his mother about the abuse, she did not believe him, and this prompted her to set up a telephone conversation between her son and Page. During the conversation, Page urged his nephew not to tell anyone and promised him money to keep it a secret. Further, the trial record indicated Page attempted to blame the neighborhood children for the abuse.
 {¶ 8} Finally, the state pointed out it was disconcerting that when the psychological evaluation was done, Page only referred to one incident of abuse even though he abused his nephew multiple times.
 {¶ 9} Page's attorney presented evidence of Page's participation in numerous rehabilitation programs for sex offenders while incarcerated. Since his parole, Page has been working two jobs while living at a halfway house. His attorney acknowledged the psychiatric evaluation found Page to be in the medium to high risk category to re-offend. However, he stated the Abel Assessment, another test performed prior to the hearing, indicated Page had a low probability of re-offending.
 {¶ 10} Page testified he realized his actions were reprehensible and inexcusable. He stated he underwent treatment while incarcerated and chose to go to a halfway house for sex offenders where he continues to receive treatment.
 {¶ 11} Page stated from the age of 8 through the age of 14, his cousin raped him repeatedly. According to Page, he has struggled with this fact all his life. Finally, he denied having sexual desire for children or illicit sexual desire for anyone.
 {¶ 12} At the close of the hearing, the court classified Page as a sexual predator. Page now appeals.
 {¶ 13} In his sole assigned error, Page contends the state failed to produce sufficient evidence as to the likelihood he would commit sexually oriented offenses in the future.
 {¶ 14} A sexual predator is a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.[1] The prosecution must prove by clear and convincing evidence that an offender is a sexual predator.[2] Clear and convincing evidence is that measure of proof that produces a firm belief as to the allegations sought to be established.[3] It is an intermediate standard, more than a preponderance but not to the extent of certainty required by the beyond-a-reasonable-doubt standard.[4] Clear and convincing evidence does not mean clear and unequivocal.[5]
 {¶ 15} R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator.[6]
 {¶ 16} R.C. 2950.09(B)(2) provides the following:
 {¶ 17} "In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 18} "(a) The offender's age;
 {¶ 19} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 20} "(c) The age of the victim of the sexually-oriented offense for which sentence is to be imposed;
 {¶ 21} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 22} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 23} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 24} "(g) Any mental illness or disability of the offender;
 {¶ 25} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 26} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 27} "(j) Any additional behavioral characteristics that contribute to the offender's conduct."
 {¶ 28} In its consideration of relevant factors following the hearing in this case, the court noted the victim was ten years old; there were multiple incidents of abuse; the failure of Page to control his compulsion, stating in one incident he acted out in anger in the form of sexual dominance; the fact that Page was also abused as a young child and numerous studies indicate victims of abuse have a predisposition to abuse others; Page's attempt to shift the blame and to silence the victim; and finally, his prior criminal history of contributing to the delinquency of a minor by having sex with a young girl.
 {¶ 29} Accordingly, the state presented clear and convincing evidence that Page is a sexual predator, and the trial court did not err in making this determination. Therefore, Page's sole assigned error is not well taken and is overruled.
 {¶ 30} The judgment is affirmed.
Judgment affirmed.
Sweeney and Rocco, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] R.C. 2950.01(E).
[2] See R.C. 2950.09(B)(3); State v. Cook (1998),83 Ohio St.3d 404; State v. Lee (1998), 128 Ohio App.3d 710.
[3] See State v. Eppinger (2001), 91 Ohio St.3d 158; Crossv. Ledford (1954), 161 Ohio St. 469, syllabus; State v.Hunter, 144 Ohio App.3d 116.
[4] Id.
[5] Id.
[6] R.C. 2950.09(B)(1).